## Cleveland, C., C. & St. L. Ry. Co. v. W. A. Wood.

90    551
a189s 352

1. EVIDENCE—*How to be Considered.*—The meaning as well as value of the evidence of a witness is not to be ascertained by a few words or sentences taken from it, but from a full and fair consideration of the entire body of it.

2. INSTRUCTIONS—*Need Not be Repeated.*—An instruction which is covered by other instructions in the case is properly refused.

Assumpsit, for a breach of a contract. Appeal from the Circuit Court of Saline County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

C. S. CONGER, attorney for appellant.

CHOISSER, WHITLEY & CHOISSER, and PARISH & PARISH, attorneys for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

This action is assumpsit, brought by appellee against appellant, for the breach of an agreement, contained in a certain lease of a hotel and eating-house site at Parker City, a station on appellant's railroad, where it is crossed by another railroad. The lease was originally made by appellant and the other railroad company to one Alice C. Goe, who agreed to erect and maintain a hotel on the site leased to her, but before its completion, the lease was, by the consent and agreement of appellant, assigned, and appellee became the owner of it, and finished and furnished the hotel, and ran it for upward of five months after its completion, when he sold it, and afterward one Mitchell became the owner of the lease and hotel property by the consent and agreement of appellant.

The object of the railroad companies in making the lease was to secure hotel accommodations for the traveling public and the employes of the railroads at Parker City.

The clause of the agreement in the lease, for a breach of which this suit was brought, is as follows:

"Said companies severally agree, each for itself, that it will stop such of its passenger trains for meals at said station when the time of passing there is suitable and such stoppage does not conflict or interfere with connections at other points."

Appellant stopped none of its passenger trains for meals at Parker City during the time appellee was the owner of the lease and was keeping the hotel, notwithstanding the times of their passing were seasonable for meals and the stoppage did not interfere or conflict with connections with other points, as claimed by appellee and of which there was evidence.

The issues in the case were tried by a jury, which

returned a verdict for the plaintiff for $362.50, and the court, after overruling a motion for a new trial, rendered judgment' on the verdict, and in consequence, the case is here by the appeal of the railroad company.

An action was brought by Mitchell against appellant for a breach of the same agreement while he was the owner of the lease, and his case has been before this court twice and is reported in 74 App. 602, and 84 App. 206, and we refer to the holdings in that case as decisive of some of the questions raised on this appeal, and to which we need not again refer.

The first point made by appellant which is claimed to be error, for which the judgment should be reversed, is, that witnesses were allowed to express opinions " as to what appellee's business would have been with trains stopping at the hotel for meals, or what the effect would be upon the rental value of the leasehold." What effect the stopping of trains for meals would have had on the rental value of the leasehold was the fact sought to be elicited from the witnesses so long as appellee's counsel was examining them, and the evidence bore directly on the question of the measure of damages; hence, it was proper evidence to go to the jury, even if it should be admitted it was, in a greater or lesser degree, opinion evidence. All estimates of value of property given by any person are made up of fact and opinion, and, in the nature of things, can not be otherwise. As a general rule, the market value of personal property is its true value, but this is not always the case.

Some of the testimony of plaintiff and his witnesses that crept in, it must be admitted, was not entirely free from error, but we do not deem it sufficiently erroneous to require a reversal of the judgment.

The second point made by appellant's counsel is that " The court did not follow the law, in the evidence nor instructions, as to the true measure of damages."

The argument to sustain this contention is, so far as we are able to discover, based on assumptions instead of facts. The inferences that seem to be drawn from the evidence by

the counsel are, in our opinion, not warranted, when all of the evidence of each witness is taken and considered together. The meaning and value of the evidence of a witness or witnesses is not to be ascertained by a few words or sentences, snatched from it, but from a full and fair consideration of the entire body of it.

We think the court in the main followed the law as it should have been applied to both the evidence and instructions, and that is all that can be justly expected of any court.

The third point made by appellant for a reversal of the judgment concerns the giving and refusing instructions, and is at least a partial restatement of the second point.

Complaint is made that the court erred in refusing defendant's fifth instruction, which is as follows:

"5. The court instructs the jury: If you believe from the evidence that any witness or witnesses have based their evidence of the rental value of plaintiff's hotel upon the supposed profits or net gains that would have accrued to the plaintiff if the defendant's trains had stopped for meals in accordance with the lease offered in evidence, or the loss of such supposed profits, or net gains, to plaintiff, because such trains did not stop for meals in accordance with the lease, then, so far as the evidence is based upon such supposed loss or decrease of profits or net gains, you should disregard such conclusions of any witness or witnesses."

There are two reasons why the court did not err in refusing the instruction, but the less cogent reason is that the court gave defendant's instruction No. 20, as modified, as follows:

"20. The court instructs the jury: If from the evidence you find the defendant liable in damages, then you can allow as damages only the lessening in value of the leasehold property, if any, caused by the failure to stop trains for meals, if any is shown by the evidence, for such part of the whole term as the evidence shows the plaintiff was possessed of, and any necessary expenditure of time and money on the part of the plaintiff directly caused by defendant's failure to comply with its contract, if any such failure is shown by the evidence; but the loss of any prob-

able or supposed profits which plaintiff might have made with his hotel, constitutes no part of the recoverable damages, and should not be considered by the jury."

This instruction covers all that is contained in the refused instruction, and there was no necessity for instructing twice on the same point. The other and more cogent reason need not be stated.

The jury were fully and fairly instructed in the three instructions given at the request of plaintiff, and the five instructions given for appellant, and if there was error in any of them it is evident the jury was not misled by them.

What we have already said, with the holdings of this court in the Mitchell case the first time it was here, disposes of the remaining points urged for a reversal of the judgment.

We find no error in the record requiring a reversal of the judgment, and as substantial justice has been done, the judgment is affirmed.